UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRY KOKOSHKA,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**BANCO POPULAR NORTH AMERICA,**<br><br>                    **Defendant.** | Civ. No. 14-cv-4430 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jerry Kokoshka ("Kokoshka"), appearing pro se, brought this action after the defendant, Banco Popular North America ("Banco Popular") denied his application for a home mortgage loan. Presently before the Court is Banco Popular's motion to dismiss. For the reasons set forth below, the motion is granted and the Complaint will be dismissed without prejudice to the submission of an amended complaint specifying the claims that remain and the basis for them.

**I.      BACKGROUND**

On January 29, 2014, Kokoshka, a citizen of New Jersey, executed an agreement (the "Agreement") to purchase a condominium in Morristown, New Jersey for $300,000. Pursuant to that agreement, he deposited $30,000 in escrow and undertook to obtain a mortgage loan to pay the balance of the sale price. The Agreement provided that, if Kokoshka was unable to secure a mortgage and complete the purchase, the seller could keep the deposit.

In March 2014, Kokoshka applied for a $264,000 mortgage loan from Banco Popular, a New York state charted bank. (See Dkt. No. 1-1, at 46)

On March 10, 2014, Banco Popular sent Kokoshka a Good Faith Estimate ("GFE") of certain terms associated with the mortgage loan should his application be approved. The GFE projected that the loan would bear an interest rate of 5.170% for a term of 30 years. (*Id.*) The GFE also stated that Kokoshka would incur approximately $8,614 in "settlement charges" in connection with finalizing and closing the loan. (*Id.*) These estimated terms were set to expire on "March 24, 2014 12:00 AM ET," at which point the rates and fees would be subject to change. (*Id.*) Kokoshka had originally planned to close on the property on March 31, 2014. But because the interest rate quoted in the GFE was not guaranteed after March 24, 2014, he rescheduled the closing for that day.

After conducting additional due diligence, Banco Popular denied Kokoshka's application. In a letter dated March 18, 2014, Banco Popular set forth its reasons for denying the loan. It is unclear when Kokoshka actually received this letter. He claims that the notice was postmarked March 21, 2014, but did not arrive until the afternoon of March 24, 2014. In any event, Kokoshka maintains that he did not see the letter until after he was scheduled to close on the property.

Kokoshka claims that Banco Popular's denial of his loan application put his $30,000 deposit in jeopardy. Rather than take the loss, he convinced the seller that he could quickly raise the funds needed to make a cash purchase. Kokoshka contributed $143,184 of his own money, and borrowed an additional $156,816 from his parents. With these funds in place, Kokoshka closed on the property on April 1, 2014.

On May 30, 2014, Kokoshka commenced this action against Banco Popular in the Morris County Superior Court. The Complaint includes a narrative of the above-mentioned events and asserts that Banco Popular wrongfully denied Kokoshka's loan application. It does not, however, allege that

Banco Popular violated any statutes, regulations, or common law rules. The relief requested by Kokoshka is equally indeterminate. He contends that he will have to apply for another mortgage loan on the now-purchased property in order to repay his parents. He demands that Banco Popular retract the letter denying his application so that it will not jeopardize his ability to secure a loan from another lender. He next contends that if and when he obtains this loan, Banco Popular must reimburse him for the associated settlement costs, as well as for the difference between the total amount he would have paid under the Banco Popular loan and will pay under this future loan.

Banco Popular removed the action to federal court on July 14, 2014.

Now before the Court is Banco's Popular's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.   LEGAL STANDARDS AND DISCUSSION

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6)provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that well-established "reasonable inferences" principle is not undermined by subsequent Supreme Court case law). Where the plaintiff proceeds pro se, the court must "liberally construe[]" the complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). But even "pro se litigants still must allege sufficient facts in their complaints to support a

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations must be sufficient to raise a plaintiff's right to relief beyond the merely speculative level to demonstrate that the claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this "plausibility standard" does not amount to a "probability requirement," it does ask for "more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. Dismissal under Rule 12(b)(6)

As it stands, the Complaint fails to state a specific claim. It does not allege that Banco Popular's conduct in denying his loan application violated any laws. As Kokoshka does not assert a single cause of action, the Court cannot determine whether the facts pled in the Complaint present a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. Even under the forgiving analysis afforded to pro se plaintiffs, then, Kokoshka's Complaint would likely be dismissed under Fed. R. Civ. P. 12(b)(6).

That, however, is not the whole story. In removing the case, for example, Banco Popular declared that it was able to discern a federal cause of action under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et

seq. It also appears, however, that the Complaint has fundamental problems, some of them potentially jurisdictional. I will therefore suspend my dismissal ruling for 30 days, so that plaintiff may exercise one of three options, stated below.

### C.     Matters to be Addressed in any Amended Complaint

I referred in the preceding section to fundamental problems with the Complaint. One option for dealing with them would be the filing of an amended Complaint.

#### 1.     The Recent Loan.

While Banco Popular's motion to dismiss was pending, Kokoshka informed the Court that he was "able to secure a loan at [a] rate not higher than the one offered by [the] Defendant." (Dkt. No. 17, at 2) (I will call this the "Recent Loan.") In light of this development, he wishes to withdraw the portion of his Complaint requesting that Banco Popular rescind its denial notice and reimburse him for the cost difference between the loans. (Dkt. No. 17, at 2) In short, Kokoshka sued for damages based on the loan he anticipated getting, but the loan he got turned out to be better than he expected.

It appears from Kokoshka's papers that he may now be seeking reimbursement of the settlement costs he incurred to close on the Recent Loan. Those costs, Kokoshka says, total $8,301. These events, however, had not yet occurred when he filed his Complaint, and they do not appear in the Complaint.

Any amended Complaint must omit any claims that Kokoshka is no longer asserting, and must allege exactly what Kokoshka is now suing for, based on the Recent Loan.

## 2. Diversity Jurisdiction

Banco Popular removed this case to federal court based, in part, on diversity jurisdiction. (ECF 1 at ¶¶ 4-7) *See* 28 U.S.C. 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...") Because the only relief apparently still requested by Kokoshka is reimbursement of $8,301, his claim would not surmount the $75,000 minimum to permit diversity jurisdiction. The Complaint in its present form would therefore have to be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Stephanatos v. Cohen*, 2006 WL 2872519, at *2 (D.N.J. Aug. 7, 2006) (stating that a federal court may dismiss a plaintiff's complaint, *sua sponte* for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)).

That, as I have said, is not the whole story. The Complaint, at least in some amended form, might set forth a federal question, making diversity jurisdiction superfluous (*see* the following section).

## 3. Pleading a Federal Cause of Action

Banco Popular also removed this case to federal court because its allegations implicated a federal statute, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et seq. (Dkt. No. 1, ¶¶ 8-11) *See generally* 28 U.S.C. § 1331 (federal court has jurisdiction over complaint that presents a question of federal law).

As noted above, however, the complaint does not really specify what law, state or federal, it is based upon. In his briefs and unauthorized sur-replies,[1] Kokoshka now alleges that Banco Popular has violated several federal statutes,

---

[1] *See* L. R .Civ. 7.1(d)(6) "(No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.")

6

including the RESPA, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act.

Such claims, if properly asserted in a complaint, might provide the basis for federal question jurisdiction under 28 U.S.C. § 1331. But because Kokoshka raised these allegations in briefs and sur-replies, I will not consider them at this time. If Kokoshka intends to seek relief under these statutes, he should amend his Complaint and expressly say so.

### III.  GOING FORWARD: PLAINTIFF'S OPTIONS

I present this *pro se* plaintiff with three options.

**Option 1: Do nothing.** After 30 days, this dismissal will become final and plaintiff may no longer be able to assert his claims.

**Option 2: Confirm lack of federal jurisdiction within 30 days and return to state court.** Within 30 days, plaintiff may submit a written statement to the court, representing that he is not asserting any federal-law cause of action, and that he is not seeking damages in excess of $75,000. If so, I will dismiss the case without prejudice for lack of federal court jurisdiction, leaving plaintiff free to pursue whatever state-law claims he may possess in state court.

**Option 3: File an amended complaint within 30 days and go forward in this federal court.** Any amended complaint must do the following:

1. State the claims and allegations that remain in the case, omitting those that have been dropped.
2. State what statutory or common law causes of action are being asserted.

      3.      State the basis for federal court jurisdiction (federal question and/or diversity).[2]

## IV. CONCLUSION

For the reasons stated above, Banco Popular's motion to dismiss on Rule 12(b)(6) grounds is **GRANTED WITHOUT PREJUDICE**, but that ruling is **SUSPENDED** for 30 days so that plaintiff can exercise one of the options in section III, above. An appropriate order follows.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: March 17, 2015

---

[2] I am conscious that the *pro se* plaintiff in this removed case never sought a federal forum in the first place. Nevertheless, if the case is to proceed in this court, jurisdiction must be shown. The plaintiff may find it helpful to consult the Court's web site for information about filing without an attorney and court procedures. http://www.njd.uscourts.gov.