**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRY KOKOSHKA,** | Civ. No. 14-cv-4430 (KM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION and ORDER** |
| **BANCO POPULAR NORTH AMERICA,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jerry Kokoshka ("Kokoshka"), appearing pro se, brought this action after the defendant, Banco Popular North America ("Banco Popular") denied his application for a home mortgage loan. I granted Banco Popular's motion to dismiss the original complaint, without prejudice to the filing of an amended complaint. (ECF nos. 18, 19) Kokoshka did file a First Amended Complaint. ("FAC", ECF no. 24) Now before the Court is Banco Popular's motion (ECF no. 25) to dismiss the FAC. For the reasons set forth below, the motion will be denied. Because I write for the parties, and for the second time, familiarity with the prior proceedings in the case is assumed.

In the FAC, Kokoshka alleges that on January 29, 2014, he entered into a contract and put down $30,000 to purchase a condominium. He applied for a mortgage with Banco Popular. On February 11, 2014, Banco Popular's loan processor informed him that his application was complete. By notice postmarked March 21, 2014, Kokoshka received notice that his mortgage application had been denied. (Plaintiff includes many more facts in a reply submission, but these I must disregard on a motion to dismiss.)

1

Kokoshka claims that the Equal Credit Opportunity Act notice requires notice within 30 days, and that Banco Popular's notice was sent 8 days late. That lateness, he says, required him to borrow funds from his family to meet the closing date for his condominium. He later refinanced the debt to pay off the family loan. The closing costs for the refinancing amounted to $8031. Kokoshka claims these closing costs as damages.

The complaint asserts both diversity and federal question jurisdiction. Because the complaint seeks damages of $8301, it does not meet the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The complaint does, however, cite the Equal Credit Opportunity Act, a federal statute. Consequently, there is federal question jurisdiction under 28 U.S.C. § 1331.

**Discussion**

**A. Standard under Rules 12(b)(1) and 12(b)(6)**

Banco Popular challenges subject matter jurisdiction, saying that Kokoshka lacks standing. Rule 12(b)(1) governs jurisdictional challenges to a complaint. These may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

Federal Rule of Civil Procedure 12(b)(6)provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (stating that well-established "reasonable inferences" principle is not undermined by subsequent Supreme Court case law). Where the plaintiff proceeds pro se, the court must "liberally construe[]" the complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). But even "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations must be sufficient to raise a plaintiff's right to relief beyond the merely speculative level to demonstrate that the claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). While this "plausibility standard" does not amount to a "probability requirement," it does ask for "more than a sheer possibility." *Iqbal,* 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and

assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### B.   Failure to State a Claim/Lack of Jurisdiction

The FAC alleges a violation of the Equal Credit Opportunity Act ("ECOA"). The alleged violation is that Banco Popular failed to give notice of an adverse action within 30 days; according to Kokoshka, it took 38 days. For purposes of this motion, I assume that to be true.

Section 1691(d)(1) of the ECOA provides that "[w]ithin thirty days ... after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1).

A claim for a violation of § 1691(d)(1) has four elements:

> (1) [Defendant] is a creditor, (2) [Plaintiff] is a loan applicant, (3) [Defendant] took adverse action with respect to [Plaintiff's] credit application, and (4) [Defendant] failed to provide [Plaintiff] with an ECOA-compliant notice of its adverse action. *See Madrigal v. Kline Oldsmobile, Inc.*, 423 F.3d 819, 822 (8th Cir.2005).

*Stoyanovich v. Fine Art Capital LLC*, No. 06 CIV.13158 (SHS), 2007 WL 2363656, at *2 (S.D.N.Y. Aug. 17, 2007). Reading the complaint liberally, I find that it sets forth these elements.

For an untimely notice (or other violations), ECOA does not have a statutory damages provision. It does, however, permit an award of actual damages flowing from a violation. *See* 15 U.S.C. § 1691e(a) ("actual damages sustained by such applicant").[1]

Banco Popular urges that this complaint fails to allege the minimal prerequisites of injury and redressability for standing under Article III of the U.S. Constitution. The complaint does, however, state a theory of causation, and it alleges that Kokoshka sustained actual injury—to the tune of $8301— which is certainly redressable in damages, if appropriate. Alternatively, Banco Popular stresses that the theory of damages is so attenuated that a cause of action is not stated. Nevertheless, it has been held that damages are not required to be pled as part of the cause of action, though they will have to be proven. *Stoyanovich,* 2007 WL 2363656, at *3–*4.

Banco Popular has a point, albeit one that will have to await a summary judgment motion. The damages alleged here are of the consequential, for-want-of-a-nail variety. In one of the few cases dealing with a late-notice violation, the court required a showing of damages arising in the delinquent period (here, the eight-day lapse between the deadline and the actual notice). *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. CIV.A. DKC 10-3517, 2012 WL 3985285, at *6 (D. Md. Sept. 7, 2012) *aff'd*, 526 F. App'x 255 (4th Cir. 2013) (noting that plaintiff complained of the effects of the denial of the application, but did not demonstrate damages flowing directly from the *delay* in notification).

Kokoshka's theory barely fits within those limits, though it does not impress. He states that Banco Popular's delay pushed him up against the closing deadline for his condominium purchase, forcing him to obtain an emergency loan from his family, which he then refinanced with a conventional lender, resulting in a second set of closing costs. Did Banco Popular's alleged eight day *delay* (as opposed to the negative credit decision itself) cause these damages? To put it another way, would there have been enough time for

---

[1] Also authorized are punitive damages, 15 U.S.C. § 1691e(b), and equitable and declaratory relief, 15 U.S.C. § 1691e(c), but the Complaint pleads no basis for these.

5

Kokoshka to have arranged a substitute mortgage from a conventional lender before his March 24, 2014 closing date? Or would he have had to borrow from his family anyway?

These are factual issues, which cannot be addressed on a motion to dismiss. But a small amount of discovery should put the parties in a position to dispose of the case, one way or the other, on summary judgment.

## ORDER

The defendant, Banco Popular, having filed a motion to dismiss the First Amended Complaint on Rule 12(b)(1) and Rule 12(b)(6) grounds (ECF no. 25); and the plaintiff, Jerry Kokoshka, *pro se,* having filed a response (ECF no. 26); and the court having considered the matter without oral argument; for the reasons expressed in the foregoing opinion, and good cause appearing therefor;

IT IS this 15th day of March, 2016

ORDERED that the motion to dismiss (ECF no. 25) is DENIED.

_____
KEVIN MCNULTY, U.S.D.J.